IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROSIE GRIJALVA JUAREZ,

    Plaintiff,                     No. 2:11-cv-00748 KJN

    v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    Defendant.                  <u>ORDER</u>
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") which denied, for lack of disability, plaintiff's applications for Social Security Disability ("SSD") benefits under Title II of the Social Security Act and Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act.[1]  (Dkt. No. 12.)  In her motion for summary judgment, plaintiff alleges that the Administrative Law Judge ("ALJ") erred by (1) failing to find that plaintiff's degenerative disc disease was a severe impairment at step two of the sequential evaluation process; (2) failing to properly assess the impact of plaintiff's obesity; (3) failing to credit the opinion of plaintiff's treating physician Dr. Powell

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties voluntarily consented to proceed before a United States Magistrate Judge.  (Dkt. Nos. 8, 15.)

1

without a legitimate basis for so doing; (4) failing to credit plaintiff's and plaintiff's daughter's testimony regarding the nature and extent of plaintiff's functional limitations; and (5) failing to credit the vocational expert ("VE") testimony in response to the hypothetical the plaintiff asserts most accurately reflects her residual functional capacity ("RFC").  (("Pl.'s Memo.") Dkt. No. 19.)

After careful consideration of the entire record and the arguments submitted by the parties, for the reasons that follow, the court grants plaintiff's motion for summary judgment in part, denies the Commissioner's cross-motion for summary judgment, and remands this case for further proceedings.  Specifically, the court concludes that, in light of new radiological evidence considered by the Appeals Council and therefore a part of the record on review, the ALJ's reasons for rejecting treating physician Dr. Powell's opinion are not supported by the record as a whole.  As a result, the ALJ's determination at step two as to whether plaintiff's degenerative disc disease is a severe impairment and the assessment of plaintiff's RFC are potentially premised on an improper weighting of the medical opinions in the record.  Accordingly, the court remands this matter for further proceedings.  The court does, however, find that the ALJ properly assessed the evidence of plaintiff's obesity and any functional limitations due to her obesity.  The court does not reach plaintiff's additional assignments of error because the aforementioned error likely impacted the manner in which the ALJ evaluated plaintiff's credibility and the third-party statements in the record.  The ALJ should consider plaintiff's remaining allegations of error on remand.

I.   BACKGROUND[2]

   A.   Procedural Background

Plaintiff applied for SSD and SSI benefits on September 16, 2008, alleging disability commencing on August 1, 2008 (See Administrative Transcript ("AT") 53, 54, 137.)

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the undersigned does not exhaustively relate those facts here.  The facts related to plaintiff's impairments and medical history will be addressed only insofar as they are relevant to the issues presented by the parties' respective motions.

2

The Social Security Administration denied plaintiff's application initially and upon reconsideration. (AT 62, 70.) Plaintiff filed a request for a hearing before an ALJ (AT 84), and a hearing was conducted regarding plaintiff's claim on January 5, 2010. (AT 18-41.) Plaintiff, who was represented by counsel at the hearing, appeared and testified at the hearing. (Id.) A vocational expert also testified at the hearing. (Id.)

In a decision dated June 10, 2010, the ALJ denied plaintiff's application. (AT 8-17.) As discussed below, the ALJ determined that plaintiff was able to perform her past relevant work as a hospital admitting clerk and, alternatively, perform jobs that existed in significant numbers in the national economy.[3] (AT 15-17.) The ALJ's decision became the final decision of

---

[3] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 et seq. Generally speaking, SSI is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq. Under both benefit schemes, the term "disability" is defined, in part, as an "inability to engage in any substantial gainful activity" due to "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 404.1520, 404.1571-1576, 416.920, 416.971-976; see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The Ninth Circuit Court of Appeals has summarized the sequential evaluation as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation

3

the Commissioner when the Appeals Council denied plaintiff's request for review.  (AT 1-4.)  Plaintiff subsequently filed this action.

      B.      <u>Summary of the ALJ's Findings</u>

The ALJ conducted the required five-step, sequential evaluation.  At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since August 1, 2008, the alleged onset date.  (AT 11.)  At step two, the ALJ concluded that plaintiff had the severe impairments of status post bilateral knee replacements, fibromyalgia, and obesity.  (<u>Id.</u>)  At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment listed in the applicable regulations.  (<u>Id.</u>)

The ALJ next assessed plaintiff's RFC as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can sit, stand and/or walk 6 hours in an 8-hour workday with normal breaks, can never climb ladders, ropes, or scaffolds, can never crawl, can occasionally climb ramps and stairs, balance, stoop, kneel or crouch, and would have to avoid concentrated exposure to extreme cold and vibration.

(AT 11.)  In reaching his conclusion, the ALJ discounted, as not fully credible, plaintiff's statements and the statements of plaintiff's daughter regarding the intensity, persistence, and limiting effects of plaintiff's symptoms or impairments.  (AT 13-15.)

At step four, the ALJ found that plaintiff's RFC did not preclude plaintiff from performing her past relevant work as a hospital admitting clerk.  (AT 16.)  Alternatively, the ALJ found, considering the plaintiff's age, education, work experience and RFC, that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform.  (<u>Id.</u>)  Accordingly, the ALJ found plaintiff not disabled.  (AT 17.)

////

////

---

process.  <u>Bowen</u>, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  <u>Id.</u>

## II. STANDARDS OF REVIEW

The court reviews the Commissioner's decision to determine whether it is (1) free of legal error, and (2) supported by substantial evidence in the record as a whole. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009); accord Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir. 2009). This standard of review has been described as "highly deferential." Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)); accord Valentine, 574 F.3d at 690 (citing Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews, 53 F.3d at 1039; see also Tommasetti, 533 F.3d at 1041 ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence."). Findings of fact that are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g); see also McCarthy v. Apfel, 221 F.3d 1119, 1125 (9th Cir. 2000). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." Bray, 554 F.3d at 1222 (citing Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007)); see also Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld.") (quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)). However, the court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Ryan, 528 F.3d at 1198 (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); accord Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).

////

III.	DISCUSSION

    A.	The ALJ Properly Assessed Plaintiff's Obesity

Plaintiff asserts that even though the ALJ found her obesity to be a component of her severe physical impairment at step two, the ALJ "failed to evaluate the impact of this additional impairment ability to function in a sustained manner." (Pl. Memo. at 12-13.) Plaintiff is correct that obesity must be considered throughout the sequential evaluation process, including when determining an individual's RFC. SSR 02–1p. "The combined effects of obesity with other impairments may be greater than might be expected without obesity." SSR 02–1p. The Ninth Circuit has held that, pursuant to SSR 02–1p, the ALJ must consider obesity in determining RFC based on the information in the case record. Burch, 400 F.3d at 683.

In determining plaintiff's RFC, the ALJ thoroughly discussed the record medical evidence of plaintiff's functional limitations. (AT 11-15.) Plaintiff's obesity was noted in the record. Plaintiff points to no instances, however, where her obesity caused any functional limitations apart from those already considered by the ALJ. Accordingly, the ALJ properly analyzed plaintiff's obesity at step two and throughout the evaluation. The analysis was supported by substantial evidence and was free of legal error.

    B.	The Record As A Whole Does Not Support The ALJ's Rejection of Treating Physician Dr. Powell's Opinion.

Plaintiff claims the ALJ erred by rejecting the treating opinion of Dr. Powell in favor of the consultative examiner and nonexamining State Agency opinions, which led the ALJ to erroneously conclude: (1) that plaintiff's degenerative disc disease was not severe; and (2) that plaintiff's RFC is less restrictive than recommended by her treating physician, which led to the ALJ finding that plaintiff could perform her past work and other work available in the national economy. (Pl.'s Mot. at 16-18.) Plaintiff argues that the ALJ's reasons for rejecting her treating physician's opinion are not supported by the record as a whole. (Id.) For the reasons explained below, plaintiff's argument is well-taken.

Medical opinions of three types of medical sources are recognized in social security cases: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally, a treating physician's opinion should be accorded more weight than opinions of doctors who did not treat the claimant, and an examining physician's opinion is entitled to greater weight than a non-examining physician's opinion. Id. Where a treating or examining physician's opinion is uncontradicted by another doctor, the Commissioner must provide "clear and convincing" reasons for rejecting the treating physician's ultimate conclusions. Id.

Because the Social Security Administration ("SSA") favors the opinion of a treating physician over non-treating physicians, see 20 C.F.R. § 404.1527, if the treating or examining doctor's medical opinion is contradicted by another doctor, the Commissioner must provide "specific and legitimate" reasons for rejecting that medical opinion, and those reasons must be supported by substantial evidence in the record. Id. at 830-31; accord Valentine, 574 F.3d at 692. "'The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Tommasetti, 533 F.3d at 1041 (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Orn v. Astrue, 495 F.3d 625 (9th Cir. 2007) (citing Embrey, 849 F.2d at 421-22). Moreover, "a finding that a treating source medical opinion . . . is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." Id. at 631-32 (quoting Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *4 (July 2, 1996)). "In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." SSR 96-2p, 1996 WL 374188, at *4.

When Dr. Powell completed his March 12, 2009 RFC Assessment of plaintiff, he had treated plaintiff since 2002. Dr. Powell diagnosed plaintiff with fibromyalgia, degenerative joint disease/degenerative disc disease of the cervical and L-5 spine, grade 1 spondylolisthesis, depression, and bilateral knee replacement. (AT 246-47.) Dr. Powell opined that plaintiff can sit, stand and/or walk less than 2 hours in an 8-hour workday with normal breaks since she lies down as much as 6 to 8 hours, but will need to include periods of walking around during the 8-hour workday every 10 minutes for 3 minutes each time, will require shifting positions at will from sitting, standing, or walking, needs to take unscheduled breaks 4 to 6 times a day to lie down, but does not need to use a cane or other assistive device while engaging in occasional standing or walking. (AT 248-50.) Dr. Powell further opined that plaintiff can occasionally lift up to 10 pounds but can never lift 20 pounds or more, is able to use both hands to grasp, turn and twist objects 50% of the time, use her fingers for fine manipulations 50% of the time, and is unable to ever reach overhead, crouch or stoop. (Id.) Dr. Powell opined that plaintiff is incapable of even "low stress" jobs and stated her medication causes her to be sleepy and "groggy." (Id.) At plaintiff's hearing before the ALJ, the vocational expert testified that an individual with these limitations could not perform any jobs. (AT 37.)

The ALJ did not adopt the RFC put forth by Dr. Powell, instead giving Dr. Powell's opinion "limited weight" on the ground it was "inconsistent with the record as a whole." (AT 15.) Specifically, the ALJ stated:

> [T]he record shows that the claimant is less limited than stated in this opinion. Moreover, Dr. Powell's treatment notes indicate that his diagnoses are often unsupported by any objective medical findings and are based primarily on the claimant's subjective allegations, rendering his opinion less persuasive.

(AT 15 (internal citation omitted).)

At the time the ALJ issued his opinion, the radiological evidence consisted of just one cervical spine x-ray from October 2007, which found "C5-6 degenerative disc disease and osteophytic spurring with possible C6-7 disease as well although this is less well documented."

(AT 193.)  The x-ray report advised further evaluation with magnetic resonance imaging ("MRI") of the cervical spine.  (Id.)  Dr. Powell requested a cervical spine MRI for plaintiff in July 2009.  (AT 281.)  Plaintiff finally received the advised MRI in February 2010, after her January 5, 2010 hearing before the ALJ.  (AT 18-41, 328-29.)  The MRI report documented, among other things, a broad based disc bulge at C5-C6 with a left central component that effaces the ventral CSF space mild to moderate left neural foraminal narrowing, a broad based disc bulge that contracts the ventral aspect of the cord at C6-C7 with mild to moderate spinal canal narrowing and bilateral uncovertebral and facet hypertropy seen with moderate bilateral neural foraminal narrowing.  (AT 328.)

Plaintiff submitted the MRI report along with her request for review of the ALJ's decision to the Appeals Council.  (AT 4.)  In its denial of plaintiff's request for review dated January 20, 2011, the Appeals Council made the additional MRI evidence a part of the record and stated that it considered the evidence and "found no reason to under our rules to review the [ALJ's] decision." (AT 1.)  "[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes a part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."  Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012).

In light of the MRI report, the record as a whole does not support the ALJ's primary basis for rejecting treating physician Dr. Powell's opinion as "unsupported by any objective medical findings and . . . based primarily on the claimant's subjective allegations." (AT 15.)  Accordingly, the undersigned grants plaintiff's motion for summary judgment in part.  The undersigned concludes that a remand of this matter to the agency is appropriate because the ALJ will be required to reassess plaintiff's degenerative disc disease past step two of the analysis, including a possible reformulation of plaintiff's RFC after reconsidering the weight to give the medical opinion evidence.  The ALJ's credibility determination and assessment of the third-party

9

statements in the record may also be effected by plaintiff's cervical spine MRI report.

IV.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 19) is granted in part.
2. The Commissioner's cross-motion for summary judgment (Dkt. No. 23) is denied.
3. The Clerk of Court enter judgment in favor of the plaintiff.

IT IS SO ORDERED.

DATED: September 18, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE